CALLMAN v. BRUCKENFELD.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. WITNESSES—REFRESHING MEMORY—MEMORANDUM.

It is error, in an action for goods sold and delivered, to allow a witness, who claims to have made the sales, to testify from a statement of account, not made by him and apparently never seen by him before, which contained some two dozen debits, "To Mdse.," mere assertions of summaries of divers dates, without instancing any articles, quantities, or prices; he, while asserting the paper refreshed his memory and that at various times during two months he sold to defendant hats of different styles and all of different prices, not describing a single article, naming a price, or giving the date of any bill, but merely stating the value of the amount of goods sold by him to defendant during said two months to be a certain amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses. §§ 874–882.]

2. SALES—ACTION FOR PRICE—EVIDENCE OF SALE AND DELIVERY.

Evidence in an action for goods sold and delivered held insufficient to show that the sale and delivery was to defendant.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Carl Callman against Israel Bruckenfeld. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Michael Kaufman, for appellant.

Nathan G. Goldberger, for respondent.

MacLEAN, J. To prove sales and deliveries in this action for a balance of $60.75 for goods sold and delivered in October and November, 1906, the plaintiff put on two witnesses. One Samuels, a salesman, testified that the defendant came to him in April to buy goods, was a cash customer, continued to pay cash up to October, when he became a charge customer from October 3d to November 30th; that he sold him ladies' hats, different styles, all different prices; that he agreed upon a price according to the styles, and without describing a single article, naming a price or prices, or giving the date of any bill; but, asserting that a paper refreshed his memory as to the transactions he had had with the defendant, baldly stated that the value of the amount of goods sold by him to the defendant between October 3 and November 30, 1906, was $445.61, upon which credits were given of $312. The paper used for refreshment was a statement of account, not made by the witness and apparently never seen by him before, handed him on the trial by counsel, who had gotten it from the plaintiff's place of business. It was dated June 14, 1907, and contained some two dozens debits, "To Mdse.," mere assertions of summaries, of divers dates in October and November, without instancing any articles, quantities, or prices.

It is not to be assumed, for the purpose of upholding this judgment, that the plaintiff testified from his recollection, unaided by the memorandum. It was error to allow him to testify therefrom. Dwight v. Cutting, 91 Hun, 38, 42, 36 N. Y. Supp. 99. It was not a writing within the three cases of refreshing memory: (1) Where the memory of the witness is actually revived by the writing, and he can testify in reality from memory; (2) where the witness, referring to the writing, remembers that he made or saw the writing when the facts were fresh in his mind, and that it then stated the facts correctly; and (3) where the witness does not remember having seen the writing before, yet, from his handwriting therein, signature, contents, or both, is enabled to testify as to its genuineness and correctness. The same witness said the goods had been delivered, to his own knowledge, but later admitted that his knowledge, so called, was of receipts, signatures to 17 of which he declared to be genuine from his acquaintance with the defendant's signature. The porter who made the deliveries would say that but 8 of the receipts were signed by the defendant, and declared the rest were by a young man in the place. The plaintiff resting upon such precarious proof, largely received over the objections and exceptions of the defendant, a motion to dismiss was denied, erroneously.

The defendant himself testified that he did not know Samuels, that none of the signatures were his own, that he had bought no goods

of the plaintiff since July, when he had 'disposed of his business to his son-in-law, one Hyman Relkin, who conducted it at the same place, 51 Norfolk street. Relkin corroborated this in detail, and said that he had gone into bankruptcy. He testified, also, that the goods had been sold to himself, and exhibited an earlier statement of account, made out to himself, dated January 2, 1907, in which two items, "Account rendered," one for October and one for November, amounted to identically the same as the sum of the debits in the statement of alleged sales to the defendant, less acknowledged credits for goods returned and one payment of $200. Relkin also produced his check, dated December 1st, indorsed by the plaintiff, for $200, the amount credited on each statement as of December 4th. The two statements of account returned as exhibits on this appeal, that to Relkin dated January 2d, and that used for refreshment by Samuels, dated June 14th, are in the same handwriting. Both were recognized by Samuels as coming from the house of Callman. The contradiction and coincidences of the two statements of account do not seem to have been called to the attention of the learned trial justice, nor are they indicated clearly upon the brief. The exact tallying in amounts and details of the statement rendered to Relkin in the ordinary course of business, as noted at the foot, with the statement made out in the name of the defendant months later, is circumstantial evidence that Relkin, and not Bruckenfeld, was the real debtor, too cogent to be countervailed by the assertions of the salesman, Samuels, even without the denials of the defendant that he ever had a charge account with the plaintiff, or had dealt with him after July, and the testimony of Relkin that the goods in question had been sold to him under a direct credit given by the plaintiff himself. The judgment is contrary to the evidence, and should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.